Argued October 7; affirmed November 9; rehearing denied
December 7, 1937

# REID *v.* WENTWORTH & IRWIN, INC.

(73 P. (2d) 381)

*S. P. Ness*, of Portland (B. G. Skulason, of Portland, on the brief), for appellant.

*Will H. Masters*, of Portland, for respondent.

BELT, J. This is an action for conversion of a truck and trailer.

On first trial the circuit court directed a verdict in favor of the defendant, Wentworth & Irwin but, on appeal, the judgment was reversed and the cause remanded for the reason that, in the opinion of this court, speaking through Mr. Justice BAILEY, there was some evidence tending to show conversion as alleged in the complaint: *Reid v. Wentworth & Irwin*, 155 Or. 265 (63 P. (2d) 210).

On second trial the circuit court again directed a verdict in favor of the defendant. Hence this second appeal by plaintiff.

A detailed statement of the facts out of which this controversy arose will be found in the opinion on original hearing. For a consideration of the questions involved on this appeal, the following statement will suffice:

In August, 1934, plaintiff acquired the truck and trailer in question from F. W. Turnbow, subject to a chattel mortgage in favor of defendant, Wentworth & Irwin, securing payment of a note in the sum of $2,-734.34. The note was to be paid in monthly instalments of $182.28 each. Plaintiff, however, defaulted in payment, having paid but one monthly instalment. This one payment was made in October, 1934. On February 8, 1935, the truck and trailer were badly wrecked while being operated by plaintiff. At his request, Wentworth & Irwin took possession of the same for the purpose of

making repairs. The repairs were completed on March 4, 1935. On the same day, Wentworth & Irwin wrote to plaintiff advising him of such fact, stating that the truck was "sitting here in the shop taking up room". Plaintiff's attention was also called to the fact that he was delinquent in payments on his note and insurance premium and that it was "very necessary that we have an understanding with you as to what you intend to do". Plaintiff did not take the truck and trailer away. On March 12, Wentworth & Irwin wrote plaintiff that if payments were not made on the note and mortgage, it would proceed to foreclose the same. Upon plaintiff's failure to comply, Wentworth & Irwin commenced foreclosure proceedings on March 27, 1935. On April 4, 1935, the truck and trailer were sold at public sale and Wentworth & Irwin became the purchaser, which it had the right to do under the terms of the mortgage.

While the foreclosure proceedings were pending, Wentworth & Irwin entered into an agreement with Hazel Turnbow to sell the truck and trailer to her in the event title was acquired by them through foreclosure sale. It appears from uncontradicted evidence that, in the event of payment by plaintiff of the amount due on note and mortgage, the agreement to sell to Hazel Turnbow was to be of no effect. When the foreclosure sale was completed, the truck and trailer were delivered to Hazel Turnbow on April 6, 1935. On the same day, Hazel Turnbow executed a note and mortgage evidencing her indebtedness by reason of the sale to her from Wentworth & Irwin.

On former appeal it was urged by plaintiff that there had been a waiver by defendant of strict performance in making payments on the note and that there had been an agreement for extension of time of payment, but these contentions were decided adversely to him.

The law of the case in regard to such matters has been declared and, since there is no substantial change in the evidence relative thereto, no further consideration need be given that phase of the case.

The vital point in the case which now demands consideration is whether the executory contract, to sell the truck and trailer to Hazel Turnbow, made while the foreclosure proceedings were pending, constituted such an exercise of dominion and ownership by defendant over the property as to constitute a conversion. In the first trial defendant failed to produce the written agreement of sale and the court invoked the presumption that such evidence, if produced, would have been adverse to the defendant company. In the instant case, however, the written contract was produced and there was uncontradicted evidence that the sale to Hazel Turnbow was contingent upon the defendant's acquiring title under the forclosure sale. It is also uncontradicted that Wentworth & Irwin did not deliver possession of the truck and trailer until after the foreclosure sale was completed. The oral evidence shows a modification of the written contract in that the payments under the oral agreement were increased and the time of delivery changed to April 6th. Under such state of the record, it remained only for the court to declare the legal effect of the contract as modified between the defendant and Hazel Turnbow. If defendant had sold the truck and trailer and delivered possession thereof prior to foreclosure sale, it might well be contended that such exercise of dominion and control over the property constituted conversion, but such are not the facts of the case. No title passed to Hazel Turnbow when the executory contract of sale was made, for the simple reason that no delivery was then had: *Brown v. Sheedy,* 90 Or. 74 (175 P. 613). The truck and trailer remained in

possession of the defendant while the foreclosure proceedings were pending and it is reasonably certain that plaintiff would have had no difficulty in obtaining possession of the same upon payment of the amount due under his contract. It will not do to base a claim of conversion upon the fact that defendant and Hazel Turnbow entered into an executory contract of sale which was to have no force or effect in the event the defendant failed to acquire title by reason of the foreclosure sale.

Defendant came rightfully into possession of the truck and trailer and no subsequent act indicated that defendant ever undertook to deprive plaintiff of his right in the property.

The trial court was right in directing a verdict for defendant as there was no material fact in issue. It was a question of law for the court to determine. Judgment is affirmed.

Bean, C. J., and Rossman, J., concur.

Kelly, J., concurs in the result.